UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH HENRY, FRANCIS FALLS, and STEPHAN NAMISNAK, individuals, | Case No: 21-107 |
| Plaintiffs, | Judge: Brown |
| v. | Magistrate Judge: Douglas |
| NEW ORLEANS CITY, | |
| Defendant | |

## CONSENT JUDGMENT

This Consent Judgment is entered into by all parties to the above-captioned matter to settle and to resolve Plaintiff's claims in the Complaint filed on January 19, 2021. The parties to this Consent Judgment are the plaintiffs, Joseph Henry, Francis Falls, and Stephan Namisnak on the one hand ("Plaintiffs"), and the Defendant, New Orleans City on the other ("Defendant").

I. **GENERAL PROVISIONS**

    A.    By entering into this Consent Judgment, the Plaintiffs maintain their allegations as stated in their Complaint as to the Defendant's alleged non-compliance with Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*, and the Rehabilitation of 1973, 29 U.S.C. § 794, *et seq.* regarding the failure to install compliant Curb Ramps[1] on the sidewalks within the City of New Orleans (hereinafter referred to as "the Property"). Defendant does not admit, and expressly denies, liability for any of the Plaintiff's claims or the violation of

---

[1] The term "Curb Ramp" shall refer to a short ramp cutting through a curb at a pedestrian crossing that provides an accessible route that people with disabilities can use to safely transition from a roadway to a sidewalk and vice versa. For the purposes of this Consent Judgment a "Curb Ramp" shall comply with the 2010 ADA Accessibility Guidelines; 36 C.F.R. § Pt. 1191, App. D., Section 406.

any federal, state, or local statute (including, but not limited to, the ADA or the Rehabilitation Act). Nevertheless, the parties agree that in a spirit of compromise, in an effort to end the disputes among the parties, the settlement as outlined in this Consent Judgment is in the best interests of the Plaintiff and Defendant.

B. Upon execution of this Consent Judgment, counsel for the parties shall jointly submit this Consent Judgment to the Court and request that it be approved and ratified.

C. Upon final approval by the Court, this Consent Judgment shall be effective immediately.

## II. RELIEF

Defendant hereby agrees to perform the following:

1. <u>Plaintiffs' Requested Curb Ramps</u>: Defendant agrees to construct the Curb Ramps set forth in the attached "Schedule A," subject to the provisions of Section VI.

2. <u>Other Roadway and Curb Ramp Improvements</u>: Defendant has provided Plaintiffs with a list of all blocks in the City of New Orleans that have planned projects with validated funding sources for roadway and Curb Ramp improvements at the time of this Agreement, as set forth in the attached "Schedule B." Defendant agrees to construct the improvements set forth in "Schedule B," subject to the provisions of Section VI.

Defendant agrees to review the Curb Ramp improvements that are listed in the attached Schedule B with an end date that occurs in 2021 or before. If Defendant determines that any such Curb Ramp improvements were not made, Defendant agrees to perform said Curb Ramp improvement by January 1, 2023. Once the review is complete, Defendant agrees to include any corrected compliance status on its website and to notify the Plaintiffs' attorneys of the outcome of the review.

Defendant further agrees to review all final ("as-built") construction drawings as the projects are closed out to ensure that the Curb Ramp improvements in Schedule B are performed as scoped. Defendant also agrees to provide updates every six months regarding the Curb Ramp improvements listed on Schedule B that are scheduled to be completed in 2022 and beyond. Updates will include any completion schedule changes, reason for schedule changes, and compliance status for the locations listed. These updates shall be published on the online map that is discussed in Paragraph 4 below.

3. <u>The "New Transition Plan"</u>: On June 15, 2013, the Department of Public Works ("DPW") for the City of New Orleans issued an Americans with Disabilities Act Transition Plan (the "Old Transition Plan") to "address accessibility needs for persons with disabilities living and visiting the city." [2] On March 7, 2018, Defendant issued an updated version of the Old Transition Plan. [3]

As part of the resolution of this matter, Defendant agrees to create a new transition plan (the "New Transition Plan") modeled after the Old Transition Plan and shall include and incorporate data from the Old Transition Plan. The Priority Levels in the New Transition Plan shall be determined by a Prioritization Methodology that takes into account factors including but not limited to population density, major thoroughfares, RTA locations, public amenities, and commercial amenities such as grocery stores. The New Transition Plan shall also include Schedule of Improvements for groupings of Curb Ramp Priority Levels.

The New Transition Plan Shall include, but not be limited to:

- Prioritization Methodology
- Survey Methodology
- Public Review and Comment
- Grievance Procedure

---

[2] https://www.nola.gov/dpw/ada-transition-plan/
[3] https://www.nola.gov/dpw/documents/ada-transition-plan-3-7-18-update/

- Self Evaluation of DPW Policies, including an evaluation of City's laws and procedures related to third-parties performing work in public rights-of-way
- Summary of Priority Areas and Inventory Results
- Locations for Improvements within Priority 1 Areas
- Assessment of Funding Sources
- Schedule of Improvements
- Progress Tracker

Defendant agrees to hold a public meeting to present a draft of the New Transition Plan and gain input from interested stakeholders and the public at large. Such meeting will occur no later than March 1, 2022, and shall include a public comment period. Defendant agrees to finalize and publicize the New Transition Plan by August 1, 2022. Defendant agrees to send a copy of the New Transition Plan to Plaintiffs' attorneys.

4. <u>Transparency</u>: The New Transition Plan shall include a publicly available Progress Tracker. The Progress Tracker shall be an online map that shows the locations of all Curb Ramps in the City of New Orleans and their current ADA compliance status. The Progress Tracker shall also include the anticipated construction date for Curb Ramps improvements associated with planned projects that have validated funding sources. The online map shall be updated as improvements are completed.

5. <u>Reasonable Accommodation Procedure/Grievance Procedure</u>: The New Transition Plan shall include a streamlined process for making requests for accommodations related to Curb Ramp improvements, and it shall also update the Grievance Procedure process for Curb Ramp accommodation requests.

### III. **PLAINTIFF'S FEES, DAMAGES, EXPENSES AND COSTS**

Defendant shall pay or cause to be paid the total of Thousand ($40,000.00) to Plaintiffs and their attorney Bizer & DeReus for Plaintiffs' damages, reasonable attorneys' fees, costs and expenses incurred in this action (the "Payment"). The Payment shall be made out to "The Trust

Account of Bizer & DeReus." Plaintiffs' counsel shall provide an executed IRS form W-9 for Bizer & DeReus to Defendant. The Payment shall be made by February 1, 2022.. The Payment shall represent full and complete payment for all of Plaintiffs, and their attorneys' claims for monetary relief, including which were raised or which could have been raised in this action. Except as set forth herein, each party to this action shall bear their own fees, expenses and costs related to this action. The failure to timely pay damages shall fall outside of the Dispute Resolution Process (as hereinafter defined).

### IV.   **RELEASE OF CLAIMS**

The Plaintiffs hereby release the Defendant (and the Defendant's parent companies, subsidiaries, divisions, political agencies, political subdivisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, members, shareholders, directors, officers, employees, agents, and attorneys) from any and all claims for injunctive relief or damages pursuant to the ADA, 42 U.S.C. § 12181, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, with respect to claims that Defendant has not provided "program access" with respect to Curb Ramps as per the ADA.

### V.   **ENFORCEMENT PROVISIONS**

The Parties agree to and shall request that this Court retain jurisdiction over this matter for the purposes of enforcement of the terms and conditions of this Consent Judgment. Notwithstanding the foregoing, this provision shall not prevent the Parties from seeking legal recourse under federal or state law for a breach of the terms herein.

Scope. The following Enforcement Provisions shall only apply to the Plaintiffs' Requested Curb Ramps in "Schedule A," the funded roadway improvement projects in "Schedule B," the New Transition Plan's publication date, the implementation of the New Transition Plan's online

Progress Tracker, and the New Transition Plan's updated Grievance Procedure, as detailed in Section II.

In the event Defendant fails to perform those obligations under this Consent Judgment, the parties agree to attempt in good faith to resolve the disagreement according to the following Dispute Resolution Process:

1. If Plaintiff believes that the Defendant failed to fulfill the Work in this Consent Judgment, then Plaintiffs shall, prior to initiating any court proceedings to remedy such failure, give written notice to Defendant which sets forth with specificity the details of the alleged material breach of this Consent Judgment.

2. Defendants shall have thirty (30) days from the date of such written notice, unless a longer period is agreed to by the parties, to cure the alleged breach.

In the event Defendants fail to comply with a material term of this Agreement, and in the event the disagreement cannot be worked out informally pursuant to the Dispute Resolution Process herein, Plaintiffs shall have the right to bring a motion enforcing this Consent Judgment before the District Court or Magistrate Judge.

If Plaintiff is successful in a motion to enforce this Consent Judgment, Plaintiff shall be reimbursed his reasonable fees, expenses and costs in accordance with 42 U.S.C. § 12205 and applicable law.

## VI.   FORCE MAJEURE / FUNDING AVAILABILITY

An event of Force Majeure will include any event or occurrence not reasonably foreseeable by the City at the execution of this Agreement, which will include, but not be limited to, abnormally severe and unusual weather conditions or other acts of God (including tropical weather events, tornados, hurricanes, and flooding); declarations of emergency; shortages of labor or

materials (not caused by the City); contractor capacity or shortages; riots; terrorism; acts of public enemy; war; sabotage; cyber-attacks, threats, or incidents; epidemics or pandemics; court or governmental order; public bid disputes and/or litigation; physical infeasibility, rebidding due to lack of responsive or responsible bids, or any other cause whatsoever beyond the reasonable control of City. Upon occurrence of an aforementioned Force Majeure event, any deadlines for the enforceable obligations identified in Section VI shall be extended.

In addition and separate from the Force Majeure provision, the City represents that federal, state, and local agencies such as FEMA ("Outside Agencies") have agreed to provide the majority of funding for the road construction and reconstruction of curb ramps identified in "Schedule A" and "Schedule B." The anticipated construction dates identified in "Schedule A" and "Schedule B" are current as of the date of this Consent Judgment. The parties recognize that construction commencement dates may be extended through an agreement between the City and Outside Agencies. The City intends to make use of this funding to complete the repairs identified in "Schedule A" and "Schedule B" as outlined in separate agreements between the City and Outside Agencies; however, the City cannot and does not warrant, represent, or guarantee that Outside Agencies will fulfill their obligation to provide the funding to complete the repairs identified in "Schedule A" and "Schedule B." The parties recognize that the City's sole obligation is act in good faith and make a reasonable and good faith effort to construct all Curb Ramps at the locations and in the time frames identified in "Schedule A" and "Schedule B" that that have been approved and for which funding is available from Outside Agencies. Funding from City bond proceeds shall not be considered as coming from an Outside Agency. Finally, the City does not warrant, represent or guarantee that it will be able to complete the repairs outlined in the agreement if funding from Outside Agencies becomes unavailable.

## VII. SEVERABILITY

This Consent Judgment constitutes the entire understanding and agreement between the Parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of all Parties.

## VIII. CONSTRUCTION/ AMBIGUITIES

The Parties acknowledge that each party has reviewed and participated in the drafting of this Consent Judgment and that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in its interpretation.

## IX. WAIVER

The failure of any party to assert any of its rights hereunder shall not constitute a waiver of such rights.

## X. EXECUTION

The Parties have read and understood this Consent Judgment, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Consent Judgment and agree to be bound thereby. Each person executing this Consent Judgment on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Consent Judgment. The Parties agree that this Consent Judgment may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument. The Parties agree and acknowledge that a photocopy, facsimile copy or scanned copy of an executed signature may be used in place of an original executed signature for any purpose.

## XI. NOTICE

Any notice, correspondence, payment or other communication contemplated by or connected with this Consent Judgment shall be directed as follows:

    (a)    <u>If to Defendant</u>:    Daniel T. Smith
Assistant City Attorney
City of New Orleans
1300 Perdido St., Suite 5E03
New Orleans, LA 70112
O: 504.658.9800 | F: 504.658.9868
dtsmith@nola.gov

    (b)    <u>If to Plaintiffs</u>:    Andrew Bizer
Bizer & DeReus
3319 St. Claude Avenue
New Orleans, LA 70117
504-619-9999
andrew@bizerlaw.com

Respectfully submitted this _____ day of _____, 2021.

**JOSEPH HENRY,**
Plaintiff

By: _Joseph Henry_

Date: 12-20-21


**NEW ORLEANS CITY**
Defendant

By: _Daniel T Smith_
Signature

Date: 12-22-2021

_Daniel T. Smith_
Print Name

_Assistant City Attorney_
Print Title


**FRANCIS FALLS,**
Plaintiff

By: _Francis Falls_

Date: 12-20-2021

9

STEPHAN NAMISNAK,
Plaintiff

By: _____

Date: _____12/20/2021_____

Upon due consideration of the Consent Judgment between the parties, the Court having been fully advised in the premises, and pursuant to Fed. R. Civ. P. 41(a), it is hereby,

ORDERED that the Court APPROVES and RATIFIES this Consent Judgment. It is hereby ORDERED that Plaintiffs' claims are hereby dismissed, provided that this Court shall retain jurisdiction to enforce the terms and conditions of the Settlement Agreement.

New Orleans, Louisiana this __29th__ day of __December__, __2021__.

NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT